**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DOUGLASS H. WATTS and TIMOTHY A. WATTS,<br><br>    Plaintiffs,<br><br>v.<br><br>DIRK KEMPTHORNE, Secretary of the United States Department of the Interior, H. DALE HALL, Director United States Fish and Wildlife Service, CARLOS M. GUTIERREZ, Secretary of the United States Department of Commerce, WILLIAM T. HOGARTH, Director National Marine Fisheries Service,<br><br>    Defendants. | No. 1:06-cv-01282-RMU<br><br>**ANSWER TO PLAINTIFFS' COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

Defendants, Dirk Kempthorne, Secretary of the United States Department of the Interior, H. Dale Hall, Director United States Fish and Wildlife Service, Carlos M. Gutierrez, Secretary of the United States Department of Commerce, and William T. Hogarth, Director National Marine Fisheries Service, file this Answer to the above-captioned Complaint as follows:

**Introduction**

1.  The allegations contained in Paragraph 1 constitute Plaintiffs' characterization of their case to which no further response is required. To the extent that a response is deemed required, Defendants Kempthorne and Hall deny the allegations contained in Paragraph 1. Defendants Hogarth and Gutierrez deny that the National Marine Fisheries Service ("NMFS") has violated any statutory or regulatory duty as a result of NMFS' cession of authority over the

American eel as reflected in Defendant Hogarth's July 19, 2006 letter to Plaintiffs.

## Jurisdiction

2. The allegations contained in Paragraph 2 are conclusions of law to which no response is required.

## Parties

3. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 concerning Plaintiff Douglass Watts, and on that basis deny them.

4. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 concerning Plaintiff Douglass Watts, and on that basis deny them.

5. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 concerning Plaintiff Douglass Watts, and on that basis deny them.

6. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 concerning Plaintiff Timothy Watts, and on that basis deny them.

7. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 concerning Plaintiff Douglass Watts, and on that basis deny them.

8. Defendants deny the allegations contained in Paragraph 8.

9. In response to the allegations contained in Paragraph 9, Defendants admit that

the United States Fish and Wildlife Service ("FWS") is an agency within the Department of the Interior that is charged with administering the Endangered Species Act ("ESA") with respect to certain species.

10. In response to the allegations contained in Paragraph 10, Defendants admit that NMFS is an agency within the Department of the Commerce that is charged with administering the ESA with respect to certain species.

11. In response to the allegations contained in Paragraph 11, Defendants admit that the Secretary of the Interior is charged with administering the ESA with respect to certain species.

12. In response to the allegations contained in Paragraph 11, Defendants admit that the Secretary of Commerce is charged with administering the ESA with respect to certain species.

**Legal Background**

13. The allegations contained in Paragraph 13 are Plaintiffs' characterization of the ESA, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to the ESA's plain language and meaning are denied.

14. The allegations contained in Paragraph 14 are Plaintiffs' characterization of the ESA, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to the ESA's plain language and meaning are denied.

15. The allegations contained in Paragraph 15 are Plaintiffs' characterization of the ESA and implementing regulations, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to the plain language and meaning of the ESA or the

regulations are denied.

16. The allegations contained in Paragraph 10 (16 if numbered consecutively) are Plaintiffs' characterization of the ESA, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to the ESA's plain language and meaning are denied.

17. The allegations contained in Paragraph 11 (17) are Plaintiffs' characterization of the ESA and implementing regulations, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to the plain language and meaning of the ESA or of the regulations are denied.

18. The allegations contained in Paragraph 12 (18) are Plaintiffs' characterization of the ESA and implementing regulations, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to the plain language and meaning of the ESA or of the regulations are denied.

19. The allegations contained in Paragraph 13 (19) are Plaintiffs' characterization of the ESA and implementing regulations, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to the plain language and meaning of the ESA or of the regulations are denied.

20. The allegations contained in Paragraph 15 (20) are Plaintiffs' characterization of the ESA, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to the ESA's plain language and meaning are denied.

**Factual Background**

21. Defendants admit the allegations contained in Paragraph 16 (21).

22. Defendants admit the allegations contained in the first sentence of Paragraph 17

(22). In response to the remaining allegations in Paragraph 17 (22), Defendants aver that the use of the terms "critical," "essential," and "varied" is vague and ambiguous and on that basis the allegations are denied.

23. In response to the allegations contained in Paragraph 18 (23), Defendants admit that the American eel at one time represented more than twenty-five percent of the total fish biomass of East Coast streams and estuaries and that eel stocks in Lake Ontario and the St. Lawrence River system have declined. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 18 (23), and on that basis deny the same.

24. Defendants deny the allegations contained in the first sentence of the repeated paragraph 18 (24 if numbered consecutively). Defendants admit the allegations contained in the second sentence of the repeated paragraph 18 (24). Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 18 (24), and on that basis deny the same.

25. In response to the allegations contained in the first sentence of Paragraph 19 (25), Defendants admit that female American eels require seven to more than thirty years to spawn. Defendants deny the remaining allegations of the first sentence of Paragraph 19 (25). Defendants have no evidence that the current level of eel mortality is affecting recruitment to the range-wide population, and therefore deny the allegations of the second sentence of Paragraph 19 (25) on that basis.

26. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of Paragraph 20 (26), and on that basis deny the

same.  Defendants admit the allegations of the second sentence of Paragraph 20 (26).

27.     Defendants admit the allegations of the first sentence of Paragraph 21 (27).  In response to the second sentence of Paragraph 21 (27), Defendants admit that the American eel has experienced habitat loss as a result of the listed factors but deny that the resulting habitat loss is severe.  In response to the allegations contained in the third sentence of Paragraph 21 (27), Defendants admit that immature eels are sometimes unable to pass upstream beyond dams but deny that such passage is necessary for the eels to grow and mature.  Defendants aver that the use of the term "often" is vague and ambiguous and on that basis the remaining allegations of the third sentence are denied.  The allegations contained in the fourth sentence of Paragraph 21 (27) are Plaintiffs' characterization of the Maine Department of Natural Resources study and the cited Federal Register notice, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to the plain language and meaning of those documents are denied.  Defendants deny the allegations of the fifth sentence of Paragraph 21 (27).

28.     In response to the first sentence of Paragraph 22 (28), Defendants admit that stocks of American eels in certain regions have been depleted by commercial fishing, and deny the remaining allegations contained in the first sentence.  In response to the allegations of the second sentence of Paragraph 22 (28), Defendants admit that the eels commercially caught today are indicative of an over-fished stock.  Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in the second sentence and therefore deny the same.  In response to the allegations contained in the third sentence of Paragraph 22 (28), Defendants admit that the Province of Ontario's eel harvest memorandum was based on the eel's status, and deny the remainder of the sentence's allegations.

29.     Defendants aver that the use of the term "suffer" is vague and ambiguous and on that basis the allegations of the first sentence of Paragraph 23 (29) are denied. Defendants deny the allegations contained in the second sentence of Paragraph 23 (29).

30.     Defendants deny the allegations contained in Paragraph 24 (30) on the basis that the use of the term "suffering" is vague and ambiguous.

31.     Defendants admit the allegations contained in the first and second sentences of Paragraph 25 (30). The remaining allegations contained in Paragraph 25 (31) constitute Plaintiffs' characterization of the ESA and of the notice published at 70 Fed. Reg. 38,849 (July 6, 2005), which speak for themselves and provide the best evidence of their contents. Any allegations contrary to the plain language and meaning of the ESA or of the Federal Register notice are denied. Defendants Gutierrez and Hogarth deny the allegations of the fifth sentence of Paragraph 25 (31) on the basis that NMFS no longer has jurisdiction to respond to Plaintiffs' petition, as described in Defendant Hogarth's July 19, 2006 letter to Plaintiffs.

32.     In response to the allegations contained in the first sentence of Paragraph 26 (32), Defendants admit that FWS has not yet issued a 12-month finding in response to Plaintiffs' petition. Defendants Gutierrez and Hogarth deny that NMFS was required to make a 12-month finding on the basis that NMFS no longer has jurisdiction to respond to Plaintiffs' petition, as described in Defendant Hogarth's July 19, 2006 letter to Plaintiffs. Defendants deny the remaining allegations contained in the first sentence of Paragraph 26 (32). The remaining allegations in Paragraph 26 (32) constitute Plaintiffs' characterization of their case, to which no response is required. To the extent that a response is deemed required, Defendants deny the allegations.

33. In response to the allegations contained in Paragraph 27 (33), Defendants admit that FWS has not made a 12-month finding on Plaintiffs' petition to list the American eel. Defendants deny that NMFS is required to make a finding on Plaintiffs' petition subsequent to NMFS' cession of jurisdiction over the American eel. Defendants admit receiving a letter dated April 25, 2006, purporting to provide notice of Plaintiffs' intent to sue. The remaining allegations contained in Paragraph 27 (33) are denied.

### Plaintiffs' Claim for Relief

34. The allegations contained in Paragraph 28 (34) constitute Plaintiffs' statement of their case and supporting conclusions of law to which no response is required. To the extent that a response is deemed required, Defendants deny the allegations in Paragraph 28 (34).

### Prayer for Relief and Conclusion

The remaining allegations in the Complaint constitute Plaintiff's request for relief to which no further response is required. Defendants deny that Plaintiffs are entitled to any relief whatsoever. Any of Plaintiffs' allegations not admitted in the preceding Paragraphs are hereby denied.

### General Denial

Defendants deny any allegations of the Complaint, whether express or implied, that are not specifically admitted, denied, or qualified herein.

### Defense

Plaintiffs fail to state a claim upon which relief may be granted.

WHEREFORE, Federal Defendants respectfully request that this Court enter judgment for Defendants, dismissing this action with prejudice, with the parties to bear their own costs and attorneys' fees.

Dated this 18th day of October, 2006.   Respectfully submitted,

SUE ELLEN WOOLDRIDGE
Assistant Attorney General
JEAN WILLIAMS, Section Chief
LISA RUSSELL, Assistant Section Chief


            */s/  Lawson E. Fite*
LAWSON E. FITE, Trial Attorney
Oregon Bar No. 05557
United States Department of Justice
Environment and Natural Resources Division
Wildlife and Marine Resources Section
P.O. Box 7369
Washington, DC 20044-7369
(202) 305-0217
(202) 305-0275 (fax)


Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DOUGLASS H. WATTS and TIMOTHY A. WATTS, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>DIRK KEMPTHORNE, Secretary of the )<br>United States Department of the Interior, H. )<br>DALE HALL, Director United States Fish )<br>and Wildlife Service, CARLOS M. )<br>GUTIERREZ, Secretary of the United )<br>States Department of Commerce, )<br>WILLIAM T. HOGARTH, Director )<br>National Marine Fisheries Service, )<br>)<br>Defendants. ) | No. 1:06-cv-01282-RMU |

**CERTIFICATE OF SERVICE**

I hereby certify that on October 18, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such to the attorneys of record.

                                                                                    */s/ Lawson E. Fite*

                                                                                    LAWSON E. FITE