JOSHUA R. STEBBINS, DC Bar No. 468542
HOWARD M. CRYSTAL, DC Bar No. 446189
Meyer Glitzenstein & Crystal
1601 Connecticut Ave., N.W., Ste. 700
Washington, D.C. 20009
(202) 588-5206

Attorneys for Plaintiffs

SUE ELLEN WOOLDRIDGE
Assistant Attorney General
JEAN WILLIAMS, Chief
LISA L. RUSSELL, Assistant Chief
LAWSON E. FITE, Trial Attorney, Ore. Bar No. 05557
U.S. Department of Justice
Wildlife & Marine Resources Section
Ben Franklin Station, P.O. Box 7369
Washington, D.C. 20044-7369
Telephone:  (202) 305-0217
Facsimile:  (202) 305-0275
Email: lawson.fite@usdoj.gov

Attorneys for Defendants

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DOUGLASS H. WATTS and TIMOTHY A. WATTS, )<br><br>          Plaintiffs, )<br><br>v. )<br><br>DIRK KEMPTHORNE, et al., )<br><br>          Defendants. ) | No. 1:06-cv-01282-RMU<br><br>**STIPULATED SETTLEMENT AGREEMENT AND [PROPOSED] ORDER** |

        Plaintiffs, Douglass H. Watts and Timothy A. Watts,  and Defendants, Dirk Kempthorne,

Secretary of the United States Department of the Interior ("Secretary"), H. Dale Hall, Director of

-1-

the  the United States Fish and Wildlife Service, Carlos M. Gutierrez, Secretary of the United States Department of Commerce, and William T. Hogarth, Director of the National Marine Fisheries Service by and through their undersigned counsel, state as follows:

WHEREAS, on November 18, 2004, the Fish and Wildlife Service ("Service") and the National Marine Fisheries Service ("NMFS") received a petition to list the American eel, *Anguilla rostrata*, as an endangered or threatened species, pursuant to the Endangered Species Act, 16 U.S.C. §§ 1531-1544. ("ESA");

WHEREAS, the Service and NMFS agreed that the Service would assume jurisdiction over this petition;

WHEREAS, on July 6, 2005, the Service issued a ninety-day finding that the petition presented substantial information indicating that listing the American eel may be warranted, and initiated a status review of the species, 70 Fed. Reg. 38,849 (July 6, 2005);

WHEREAS, on July 20, 2006, Plaintiffs filed a complaint for declaratory and injunctive relief, challenging the Secretary's failure to issue a twelve-month finding in response to the petition as required by 16 U.S.C. § 1533(b)(3)(B);

WHEREAS, the parties, through their authorized representatives, and without any admission or final adjudication of the issues of fact or law with respect to Plaintiffs' claims, have reached a settlement that they consider to be a just, fair, adequate, and equitable resolution of the disputes set forth in Plaintiffs' complaint;

WHEREAS, the parties agree that settlement of this action in this manner is in the public interest and is an appropriate way to resolve the dispute between them;

NOW, THEREFORE, IT IS STIPULATED BY AND BETWEEN THE PARTIES AS

FOLLOWS:

1. On or before January 24, 2007, the Service shall submit to the *Federal Register* a finding indicating that listing the American eel is (a) warranted; (b) not warranted; or (c) warranted but precluded by higher priority listing actions, pursuant to 16 U.S.C. § 1533(b)(3)(B).

2. Although defendants presently expect to meet the January 24, 2007 deadline in Paragraph 1, Defendants may seek to extend the deadline for good cause. Plaintiffs expressly reserve the right to object to any such request. In the event that either party believes that the other party has failed to comply with any term or condition of this Agreement, the parties shall first confer (though it need not be in person) to resolve the matter, and if resolution is not reached, the parties may file a motion to enforce the Agreement with the Court.

3. No party shall use this Agreement or the terms herein as evidence of what does or does not constitute a reasonable time line for issuing a twelve-month finding under 16 U.S.C. § 1533 in any other proceeding regarding the Service's or NMFS' implementation of the ESA.

4. Defendants agree that Plaintiffs are the "prevailing parties" in this action, and agree to pay to Plaintiffs reasonable attorneys' fees and costs, pursuant to Section 11(g) of the ESA, 16 U.S.C. § 1540 (g). Therefore, Defendants agree to settle all of Plaintiffs' claims for costs and attorneys' fees in the above-captioned litigation for a total of $15,500.00. A check will be made payable in that amount to Plaintiff's undersigned counsel, Meyer Glitzenstein & Crystal, c/o Joshua R. Stebbins, 1601 Connecticut Ave., N.W., Ste. 700, Washington, D.C. 20009.

5. Defendants agree to submit all necessary paperwork for the processing of the attorneys' fee award to the Department of the Treasury's Judgment Fund Office, pursuant to 16 U.S.C. § 1540(g)(4), within ten (10) business days of receipt of the court order approving this stipulation.

6. Plaintiffs agree to accept payment of $15,500.00 in full satisfaction of any and all claims for attorneys' fees and costs of litigation to which Plaintiffs are entitled in the above-captioned litigation, through and including the date of this agreement.

7. Plaintiffs agree that receipt of this payment from Defendants shall operate as a release of Plaintiffs' claims for attorneys' fees and costs in this matter, through and including the date of this agreement.

8. The parties agree that Plaintiffs reserve the right to seek additional fees and costs incurred subsequent to this agreement arising from a need to enforce or defend against efforts to modify the underlying schedule outlined in Paragraph 1, or for any other unforseen continuation of this action.

9. By this agreement, Defendants do not waive any right to contest fees claimed by Plaintiffs or Plaintiffs' counsel, including the hourly rate, in any future litigation, or continuation of the present action. Further, this stipulation as to attorneys' fees and costs has no precedential value and shall not be used  as evidence in any other attorneys' fees litigation.

10. Subject to the qualifications in Paragraph 11, no provision of this Agreement shall be interpreted as, or constitute, a commitment or requirement that Defendants take action in contravention of the Endangered Species Act, the Administrative Procedure Act, or any other law or regulation, either substantive or procedural.  Nothing in this Settlement Agreement shall be construed to limit or modify the discretion accorded to the Service by the ESA, the APA, or general principles of administrative law with respect to the procedures to be followed in making any determination required herein, or as to the substance of any final determination.

11. No provision of this Agreement shall be interpreted as, or constitute, a commitment or requirement that Defendant is obligated to spend funds in violation of the Anti-Deficiency Act, 31

U.S.C. § 1341.

12. The parties agree that this Settlement Agreement ("Agreement") was negotiated in good faith and it constitutes a settlement of claims that were vigorously contested, denied, and disputed by the parties. By entering into this Agreement the parties do not waive any claim or defense.

13. The undersigned representatives of each party certify that they are fully authorized by the party or parties they represent to agree to the Court's entry of the terms and conditions of this Agreement and do hereby agree to the terms herein.

14. The terms of this Agreement shall become effective upon entry of an order by the Court ratifying the Agreement.

15. Upon approval of this Agreement by the Court, all counts of Plaintiffs' Complaint shall be dismissed with prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(1).

16. Notwithstanding the dismissal of this action, the parties hereby stipulate and respectfully request that the Court retain jurisdiction to oversee compliance with the terms of this Agreement and to resolve any motions to modify such terms. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375 (1994).

Dated: January 17, 2007

Respectfully submitted,


   */s/ Joshua R. Stebbins (by LEF)*
JOSHUA R. STEBBINS
Meyer Glitzenstein & Crystal


SUE ELLEN WOOLDRIDGE
Assistant Attorney General
JEAN E. WILLIAMS, Section Chief
LISA L. RUSSELL, Assistant Section Chief


    */s/ Lawson E. Fite*
LAWSON E. FITE, Trial Attorney
U.S. Department of Justice
Wildlife & Marine Resources Section
Environment & Natural Resources Division
U.S. Department of Justice




## **PROPOSED ORDER**

The terms and conditions of this Stipulated Settlement Agreement are hereby adopted as

an enforceable ORDER of this Court, and this matter is hereby DISMISSED with prejudice.

Dated:  this _____ day of _____, 200_.


_____
United States District Judge